http://www.va.gov/vetapp16/Files2/1617318.txt

Citation Nr: 1617318 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 07-36 260 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada

THE ISSUES

1. Entitlement to service connection for depression for accrued benefits purposes.

2. Entitlement to service connection for type II diabetes mellitus for accrued benefits purposes.

3. Entitlement to service connection for diabetic peripheral neuropathy for accrued benefits purposes.

4. Entitlement to service connection for diabetic nephropathy for accrued benefits purposes.

5. Entitlement to service connection for diabetic gastronitis for accrued benefits purposes.

6. Entitlement to service connection for congestive heart failure for accrued benefits purposes.

7. Entitlement to service connection for hypertension for accrued benefits purposes.

8. Entitlement to service connection for blindness for accrued benefits purposes.

9. Entitlement to service connection for arthritis for accrued benefits purposes.

10. Entitlement to service connection for a low back disorder, including arthritis, for accrued benefits purposes.

11. Entitlement to service connection for the cause of the Veteran's death.

REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney at Law

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Suzie Gaston, Counsel

INTRODUCTION

The Veteran had active service from June 1967 to August 1976 and June 1983 to 
November 1986. He also had a period of United States Marine Corps Reserve duty from July 1991 to June 1996. He died in September 2009. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions by the Department of Veterans Affairs (VA), Regional Office (RO), in Reno, Nevada.

By rating action in March 2007, the RO denied the Veteran's claims of entitlement to service connection for diabetes mellitus, service connection for depression, service connection for diabetic gastronitis, service connection for blindness, service connection for congestive heart failure, service connection for diabetic peripheral neuropathy, service connection for diabetic nephropathy, service connection for arthritis, and service connection for hypertension. Subsequently, in a March 2008 rating action, the RO denied service connection for low back pain with arthritis. By rating action dated in June 2009, the RO confirmed its previous denial of service connection for low back pain with arthritis. The Veteran perfected a timely appeal to those decisions. 

Unfortunately, during the course of the appeal, the Veteran died in September 2009. The domestic partner of the Veteran, who is the Custodian of the Veteran's daughter, filed a request to have the daughter be substituted as the appellant, and filed claims for dependency and indemnity compensation (DIC) and accrued benefits in September and November 2009. 

By a rating action in February 2010, the RO denied service connection for back pain and arthritis for accrued benefits purposes, and service connection for the cause of the Veteran's death. The appellant perfected a timely appeal to that decision. 
In August 2013, the appellant and the Veteran's daughter provided testimony at a 
video conference hearing before the undersigned. A transcript of the hearing is of record. 

In November 2013, the Board remanded the case for further development. Following the requested development, a Supplemental Statement of the Case was issued in June 2014. A review of the record reflects substantial compliance with the Board's Remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

In a January 2015 decision, the Board denied the claims of entitlement to service connection for type II diabetes mellitus, service connection for depression, service connection for diabetic gastronitis, service connection for blindness, service connection for congestive heart failure, service connection for diabetic peripheral neuropathy, service connection for diabetic nephropathy, service connection for arthritis, service connection for hypertension, and service connection for the cause of the Veteran's death. In a November 2015 Order, based on a Joint Motion for Partial Remand (Joint Motion), in November 2015, the United States Court of Appeals for Veterans Claims (Court) vacated and remanded the Board's decision for compliance with the instructions in the Joint Motion. 

In January 2015, the Board remanded the claim of entitlement to service connection for a low back disorder to the RO for further evidentiary development. Following the requested development, a Supplemental Statement of the Case was issued in November 2015. 

The Veteran's claims file has been converted into a paperless claims file via the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. All records in such files have been considered by the Board in adjudicating this matter. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a) (2) (West 2014). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required. 

REMAND

In light of points raised in the November 2015 Joint Motion, the Board finds that further RO action on the claims of service connection for type II diabetes mellitus, depression, diabetic gastronitis, blindness, congestive heart failure, diabetic peripheral neuropathy, diabetic nephropathy, arthritis, and hypertension, all claimed as secondary to the diabetes mellitus, as well as service connection for the cause of the Veteran's death, is required. 

In the aforementioned Joint Motion, the parties agreed that the Board failed to explain why a medical opinion was not warranted in satisfaction of the duty to assist the Veteran in determining whether his type II diabetes mellitus was related to service. 

The Veteran claimed that he developed diabetes mellitus as a result of his herbicide exposure during active service. He also claimed that diabetes mellitus caused additional disabilities, including retinopathy, neuropathy, gastronitis, gastroparesis, hypertension and depression. In a statement in support of claim, the Veteran maintained that he was diagnosed with diabetes mellitus on July 2, 1991, and he noted that he earned active duty points during the period from June 14, 1991 to June 13, 1992; therefore, he argued that his diabetes mellitus was incurred during a period of active duty. 

The parties to the Joint Motion noted that the record reflects that the Veteran had a 
diagnosis of diabetes mellitus. In addition, the record suggests that he had a 20 history of diabetes mellitus, which coordinated with his second period of service in 1986. For example, in an August 2006 medical statement, Dr. Allen B. Thach noted that "upon review of the military service, an SF 88 dated July 2, 1991, noted that the Veteran had adult onset diabetes mellitus; he stated that this condition was also noted on a physical done for the purposes of reenlistment. Dr. Thach also reported that he had been following the Veteran for the last one to two years for his diabetic eye disease, and he was noted to have extremely severe diabetic retinopathy and had significant vision loss in both eyes. Dr. Thach further noted that the Veteran also appeared to have several other diabetic related conditions, to include heart problems, kidney problems, peripheral neuropathy, as well as problems with central nervous system. 

In this regard, the Board notes that, in McLendon v. Nicholson, 20 Vet. App. 79 (2006), the Court held that, in initial service connection claims, VA must provide a medical examination where there is (1) competent evidence of a current disability, or persistent or recurrent symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service; (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service; and (4) insufficient competent medical evidence on file for VA to make a decision on the claim. 

In the November 2015 Joint Motion for Remand, the parties found that the Board erred in relying on certain medical evidence to support its conclusion that the duty to assist did not require providing a medical examination or obtaining a medical opinion addressing the question of whether the Veteran's diabetes mellitus had its onset in service or was otherwise etiologically related to the Veteran's period of active duty. 

In the present case, the record clearly indicates a re-enlistment examination report dated in July 1991 shows a finding of adult-onset diabetes mellitus. Post service treatment records indicate that the Veteran had a 20 year history of diabetes mellitus, which coordinates with his second period of service in 1986. Moreover, private medical statements of record suggest that the Veteran's diabetes may have had its onset during service, and resulted in additional disabilities. The requirement under the VCAA for warranting a VA examination or obtaining a medical opinion, that the evidence "indicates" that the Veteran's disability "may" be associated with the Veteran's service, is a low threshold. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). Accordingly, and in consideration of the concerns raised by the parties in the Joint Motion, the Board finds that a medical opinion should be obtained regarding the nature and etiology of the Veteran's type II diabetes mellitus. 38 C.F.R. § 3.159(c) (4) (2015). The parties also noted that the outcome of this determination would then affect the claims of entitlement to service connection for depression, diabetic gastronitis, blindness, congestive heart failure, diabetic peripheral neuropathy, diabetic nephropathy, arthritis and hypertension, all claimed as secondary to the diabetes mellitus as they are inextricably intertwined with the issue of service connection for diabetes mellitus. 38 C.F.R. § 3.159; McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The parties also agreed that the Board had failed in its duty to assist because it had not obtained private medical records identified by the Veteran and Appellant. Specifically, it was agreed that while the Veteran had been treated by Dr. Allen Thach from October 24, 2004, VA only requested medical records from January 2005 to the present. The parties also noted that, while the RO attempted to obtain records from Drs. Michael Gross, Marwan Takiyyuddin, and William King, it does not appear that records from those physicians were obtained following VA's first request, that VA made a second request, or alert the claimant that it could not obtain the records. Similarly, the parties stated that it does not appear that VA made a second request to obtain records from Dr. Gobinder Chopra, who performed a neurologic study on the Veteran, nor did it alert the claimant that it could not obtain those records. 38 C.F.R. § 3.159(c) (1), (e) (1). Lastly, the parties note that VA medical records refer to a report of a neuropsychiatric test performed by Dr. Staci Edwards; however, it does not appear whether any attempt was made to associate this report with the file, or whether any attempt was made to obtain the document. 

As noted above, the claims for secondary service connection for depression, diabetic gastronitis, blindness, congestive heart failure, diabetic peripheral neuropathy, diabetic nephropathy, arthritis, and hypertension are inextricably intertwined with the claim for service connection for diabetes mellitus. The claim for service connection for the cause of the Veteran's death is also inextricably intertwined with the issue of service connection for diabetes mellitus. Adjudication of those issues must be deferred pending completion of the additional evidentiary development outlined above. 

The parties to the Joint Motion also agreed that the claim for service connection for arthritis is inextricably intertwined with the claim for service connection for a low back disorder which was remanded by the Board for development. See Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered). As such, that issue must be remanded and addressed by the AOJ in conjunction with the claim for a low back disorder. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ shall undertake appropriate action, including contacting the appellant and obtaining any necessary authorization, to obtain any treatment records from Drs. Allen Thach, Michael Gross, Marwan Takiyyuddin, William King, Gobinder Chopra and Staci Edwards. After securing the necessary releases, the AOJ should attempt to obtain all copies of pertinent treatment records identified by the appellant that are not currently of record. The AOJ should make at least two (2) attempts to obtain records from any identified sources. To the extent that an attempt to obtain any of these records is unsuccessful, the file must contain documentation of the attempts made, and the Appellant and her representative must be informed of the negative results and be given the opportunity to secure the records. 

2. The AOJ shall make arrangements for the Veteran's entire file to be forwarded to an appropriate specialist, in order to obtain an opinion as to whether:

(a) it is at least as likely as not that the Veteran's diagnosed diabetes mellitus, type II, had its onset in service, had its onset in the year immediately following any period of service, or is otherwise the result of a disease or injury in service? 

(b) If and only if, the Veteran's claimed type II diabetes mellitus is found to be related to service, provide the following medical opinions:

(i) Is it at least as likely as not that the Veteran's diabetic peripheral neuropathy of the lower extremities was caused (in whole or in part) or was aggravated by his diabetes mellitus?

(ii) Is it at least as likely as not that the Veteran's diabetic nephropathy was caused (in whole or in part) or was aggravated by his diabetes mellitus?

(iii) Is it at least as likely as not that the Veteran's diagnosed diabetic gastrionitis was caused (in whole or in part) or was aggravated by his diabetes mellitus?

(IV) Is it at least as likely as not that the Veteran's blindness was caused (in whole or in part) or was aggravated by his diabetes mellitus?

(V) Is it at least as likely as not that the Veteran's blindness was caused (in whole or in part) or was aggravated by his diabetes mellitus?

(VI) Is it at least as likely as not that the Veteran's hypertension was caused (in whole or in part) or was aggravated by his diabetes mellitus?

(VII) Is it at least as likely as not that the Veteran's congestive heart failure was caused or was aggravated by diabetes mellitus? The examiner must provide a rationale for each opinion given. 

(VIII) Is it at least as likely as not that the Veteran's arthritis was caused or was aggravated by diabetes mellitus? 

If a particular disability was aggravated by a service-connected disability, the examiner should also indicate the extent of such aggravation by identifying the baseline level of disability.

The examiner is advised that the Veteran was competent to report his symptoms and history, and such reports must be specifically acknowledged and considered in formulating any opinions. If the examiner rejects the Veteran's reports of symptomatology, he or she must provide a reason for doing so.

The absence of evidence of treatment for a particular disability in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

If the examiner is unable to provide an opinion without resort to speculation, he or she should explain why this is so and what if any additional evidence would be necessary before an opinion could be rendered. The examiner must provide a rationale for each opinion given.

3. The AOJ must ensure that all requested actions have been accomplished in compliance with this remand. If any action is not undertaken, or is taken in a deficient manner, appropriate corrective action should be undertaken. See Stegall v. West, 11 Vet. App. 268 (1998). 

4. Thereafter, the AOJ should readjudicate the appellant's claim. If the benefit sought on appeal remains denied, the appellant and her representative should be furnished a Supplemental Statement of the Case. Thereafter, the appellant and her representative shall be given an opportunity to respond. An appropriate period of time must be allowed for response. 

After the above actions have been accomplished, the case should be returned to the Board for further appellate consideration, if otherwise in order. No action is required of the appellant until she receives further notice. By this REMAND the Board intimates no opinion, either legal or factual, as to the ultimate determination warranted in this case. The purposes of this REMAND are to further develop the record and to accord the appellant due process of law. The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 

_________________________________________________
DEMETRIOS G. ORFANOUDIS
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).